372

(No. 1299—)

FOREMAN TRUST & SAVINGS BANK, ADMINISTRATOR OF THE ESTATE OF MICHAEL CORDASCIO, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 12, 1930.*

WM. E. RODRIGUEZ & JOHN E. MOLONY, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON and ROY D. JOHNSON, Assistants Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

It appears that Michael Cardascio, fourteen years old, was playing on the premises of the Illinois State Research Hospital located at 1819 West Polk Street, in the City of Chicago, together with other boys. It appears further by claimant's statement that an iron gate was resting against a brick and stone gate post and it is alleged that the iron gate provided a kind of a ladder upon which the children could climb. It appeared Michael climbed to the top of the gate and while attempting to take hold of the stone ball which was part of the masonry on said gate post, it broke loose from the post causing Michael to fall downward onto one of the iron pickets which injured him to such an extent that he died on the same day. The main claim was based on the fact as alleged that defendant was maintaining an attractive nuisance.

It would seem that defendant would be drifting far into an avalanche of responsibility to assume a liability in this case. In close examination of all the files in the case the court is of the opinion that there is a doubt as to whether or not an attractive nuisance prevailed as alleged by claimant. It can be assumed with reason that it is almost impossible to create a neighborhood where children would play and not encounter danger of any kind. There is constant danger in

almost all walks of life and to start in to anticipate the possibilities would be a grave undertaking. Children are injured in their own homes, on the streets, in the school grounds and play grounds and to attempt to impose an obligation upon the taxpayers of Illinois in a claim of this kind, would in the opinion of this court go far beyond the problems of the Court of Claims.

It is expected of this court that all reasonable demands be met fairly and justly but it is the opinion of the court that in this case equity and good conscience in the matter of an allowance cannot be considered and of course as a matter of law no claim could attach in this case.

Therefore this court recommends that said claim be disallowed.